UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:12-CR-203 WTL-TAB |
| ) | |
| KENNETH CALVIN BUCKLEY, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to the February 5, 2013 Order entered by the Honorable William T. Lawrence designating the duty Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on February 5, 2013. Pursuant to that Order, the Court herein submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 15, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 20, 2013, Kenneth Calvin Buckley ("Defendant") appeared in person with appointed counsel, Joseph Cleary. The government appeared by Michelle Brady, Assistant United States Attorney. U. S. Parole and Probation appeared by Troy Adamson, U. S. Parole and Probation officer. On this date, the parties moved for a continuance of the preliminary and revocation hearing; this motion was granted by the Honorable Debra McVicker Lynch, and the hearing was reset for May 20, 2013.

On March 11, 2013, a Supplemental Petition for Warrant for Offender Under Supervision was filed. Defendant was arrested pursuant to that Supplemental Petition, and on March 15, 2013, Defendant appeared in person with appointed counsel, Joseph Cleary. The government appeared by Michelle Brady, Assistant

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

United States Attorney.  U. S. Parole and Probation appeared by Troy Adamson,  U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Defendant was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. Defendant stipulated that he committed Violations 1 through 6, as set forth in the Petition and Supplemental Petition for Warrant or Summons for an Offender Under Supervision, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**<br><br>On November 27, 2012, the offender advised the probation officer he was residing with his niece, Aaronnetta Cooley, in Anderson, Indiana.  Ms. Cooley was previously convicted of felonies in Indiana for intimidation, residential entry, possession of marijuana, and maintaining a common nuisance.  Ms. Cooley's criminal background was not reported to the probation officer.<br><br>On January 18, 2013, a search was conducted of the offender's residence and officers located marijuana throughout the residence, drug packaging, digital scales, and a handgun. During the search, the offender's cousin and resident of the home, Jordan Cooley, arrived and attempted to force entry into the residence.  Mr. Cooley was arrested by Anderson Police officers and located 42 grams of marijuana, digital scales, cash, a loaded magazine, and a .380 caliber handgun on his person. |
| 2 | **"The defendant shall answer truthfully all inquiries by the probation officer, and shall follow the instructions of the probation officer."**<br><br>During the execution of the search of his residence, the defendant was defiant and cursed at probation officers who were questioning him and searching his residence. |
| 3 | **"The defendant shall not illegally possess a controlled substance."**<br><br>During a search of his residence, probation officers located marijuana in several locations in his house. |

| | | |
|---|---|---|
| | 4 | **"The defendant shall not commit another federal, state, or local crime."** |

On October 22, 2012, the offender began residing with his girlfriend, Lashaunya Walker, in Anderson, Indiana. On November 13, 2012, Ms. Walker accused the offender of committing domestic battery by punching her in the jaw and threatening further physical harm to her. Ms. Walker obtained a protective order against the offender and he subsequently moved out. At this time, no criminal charges have been filed.

| | | |
|---|---|---|
| | 5 | **"The defendant shall not commit another federal, state, or local crime; specifically the defendant shall not illegally possess a controlled substance and shall not own or possess a firearm or possess a destructive device."** |

On February 28, 2013, the offender was stopped by Anderson Police for running a red light. The offender was driving a gray Ford Taurus owned by his girlfriend, Susie Berry. The offender provided an Indiana ID card to the police officer, who determined he had a suspended license with a prior conviction. The offender was issued a summons and was released at the scene.

| | | |
|---|---|---|
| | 6 | **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."** |

The aforementioned police contact has not been reported to the probation officer.

3. The highest grade of Violation is alleged as a Grade B violation, pursuant to U.S.S.G. § 7B1.1(a)(2).

4. Defendant's criminal history category is VI.

5. The range of imprisonment applicable upon revocation of Defendant's supervised release, therefore, is 21-24 months' imprisonment. *See*, U.S.S.G. § 7B1.4(a).

6. The parties agreed that revocation, and a custodial sentence of 21 months (with no supervised release to follow) was an appropriate disposition of the case.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Kenneth Calvin Buckley, violated the above-delineated conditions in the Petition.

Mr. Buckley's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 21 months, with no supervised release to follow.

The Magistrate Judge requests that Troy Adamson, U. S. Parole and Probation Officer, prepare for submission to the Honorable William T. Lawrence, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have ten days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Buckley's supervised release and imposing a sentence of imprisonment of 21 months in the custody of the Attorney General or his designee with no supervised release to follow.

**IT IS SO RECOMMENDED** this 8th day of April, 2013.

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Michelle Brady
Assistant United States Attorney

Joe Cleary
Indiana Community Federal Defender
joe_cleary@fd.org

U. S. Parole and Probation

U. S. Marshal